# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8155 | **DATE** | ½/2001 |
| **CASE TITLE** | Dukhan Iqraa Jihad Mumin vs. Attorney General | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Mumin is to file a brief amendment to his Petition on or before January 20, 2001. This Court appoints the Federal Defender Panel to represent Mumin under the provisions of the Criminal Justice Act. This Court orders respondent to file an answer or other pleading in response to the Petition in accordance with Section 2254 Rules 4 and 5 on or before February 16, 2001. This action is set for a status hearing at 9 a.m. February 23, 2001.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | number of notices | |
| | Notified counsel by telephone. | JAN 03 2001 date docketed | |
| | Docketing to mail notices. | | 2 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 1/2/2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUKHAN IQRAA JIHAD MUMIN, #51778 )
)
           Petitioner, )
)
v.                      )   No. 00 C 8155
)
[Unnamed custodian and] )
)
ATTORNEY GENERAL OF THE STATE OF )
ILLINOIS JIM RYAN, )
)
           Respondents. )

DOCKETED
JAN 0 3 2001

MEMORANDUM OPINION AND ORDER

Dukhan Iqraa Jihad Mumin ("Mumin") has submitted a self-prepared and prepaid Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254 ("Section 2254"), challenging his conviction and sentence following his guilty plea to a single count of forgery (pursuant to a plea agreement, four other counts against Mumin were dismissed at the time of sentencing). This memorandum opinion and order will address several matters raised by the Petition.

To begin with, Mumin has not complied with the requirement of Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") in situations where, as here, an applicant for habeas relief is not now in custody pursuant to the state judgment against which he seeks relief but may be subject to such custody in the future. In this instance Mumin is now serving a 10 to 15 year sentence in the Nebraska State Penitentiary (a sentence that began on

March 29, 1998 and on which he is scheduled for parole in early 2004--see Petition at 8. While he was serving that sentence, Mumin was taken to Illinois under the Interstate Agreement on Detainers Act to address the forgery and other charges in DuPage County (id.), and he then entered his guilty plea and was sentenced here in Illinois.

Under those circumstances, Section 2254 Rule 2(b) requires Mumin to name two respondents in his Petition--the officer who now has custody over him (the Warden of the Nebraska prison where he is serving time) and Illinois Attorney General Jim Ryan. Because Mumin has named the latter but not the former respondent, he is ordered to file a brief amendment to his Petition curing that oversight on or before January 20, 2001.

Another matter that relates to Mumin's dual conviction situation, but is left unanswered by the Petition, is whether and to what extent Mumin's Illinois sentence that he seeks to challenge here was imposed concurrently with or consecutively to the preexisting Nebraska sentence. If concurrent sentences are involved, one question that would perhaps have to be addressed is whether the availability or unavailability of habeas relief from the Illinois sentence would make any difference to Mumin at all. This Court of course expresses no view on that subject, but Mumin should also include that information as part of the amendment to his Petition that has been ordered in the preceding paragraph.

Subject to anything that might develop in that respect, it does appear from the Petition that Mumin has exhausted his available state court remedies as required by Section 2254(b)(1)(A)(see Petition at 2-4), that the Petition is timely filed in accordance with Section 2244(d)(1), and that the substantive allegations in the Petition set out one or more claims that are substantively colorable. Accordingly:

1. This Court appoints the Federal Defender Panel to represent Mumin under the provisions of the Criminal Justice Act (18 U.S.C. §3006A(a)(2)(B)).[1]

2. This Court orders respondent Illinois Attorney General Jim Ryan to file an answer or other pleading in response to the Petition in accordance with Section 2254 Rules 4 and 5 on or before February 16, 2001.

3. This action is set for an initial status hearing at 9 a.m. February 23, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 2, 2001

---

[1] Naming of the member of that Panel who will be given responsibility for the representation will take place shortly hereafter.