Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8155 | **DATE** | 4/26/2001 |
| **CASE TITLE** | USA ex rel. Dukhan Iqraa Jihad vs. Jim Ryan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), this Court determines that no evidentiary hearing is required (Rule 8 of the same Rules), and both the Petition and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 27 2001 | |
| | Notified counsel by telephone. | date docketed | 9 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 01 APR 26 PM 4: 12 | 4/26/2001 date mailed notice |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
DUKHAN IQRAA JIHAD MUMIN, #51778 )
)
Petitioner, )
)
v. ) No. 00 C 8155
)
JIM RYAN, Attorney General, et al., )
)
Respondents. )

MEMORANDUM OPINION AND ORDER

Shortly after Dukhan Iqraa Jihad Mumin ("Mumin") had submitted a self-prepared and prepaid Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254[1] in which he has challenged his conviction and sentence following his guilty plea to a single count of forgery, this Court--based on its threshold review of the Petition--issued a brief January 2, 2001 memorandum opinion and order ("Order") that said "it does appear from the Petition that Mumin has exhausted his available state court remedies as required by Section 2254(b)(1)(A)(see Petition at 2-4), that the Petition is timely filed in accordance with Section 2244(d)(1), and that the substantive allegations in the Petition set out one or more claims that are substantively colorable." Accordingly the Order:

1.  appointed the Federal Defender Panel to represent Mumin under the provisions of the Criminal Justice Act (18

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

U.S.C. §3006A(a)(2)(B)); and

    2. ordered respondent Illinois Attorney General Jim Ryan to file an answer or other pleading in response to the Petition, in accordance with Section 2254 Rules 4 and 5, on or before February 16, 2001.

Under its regular practice of random assignments (based on who is acting as the duty attorney on the date of assignment), the Federal Defender Panel then assigned Mumin's representation to Robert Korenkiewicz--a lawyer well-known to this Court from prior experience as a thoughtful, conscientious and highly able lawyer in the criminal practice.

After obtaining an extension of time to permit the assemblage of the numerous documents necessary for consideration of the Petition, on March 16 the Illinois Attorney General filed an Answer to the Petition, together with the full panoply of exhibits needed for this Court's analysis and review. Then on April 25 attorney Korenkiewicz filed a timely "Reply on Behalf of Petitioner Dukhan I.J. Mumin" ("Reply") that addressed the Answer (as this Court had previously directed).

As could have been anticipated, attorney Korenkiewicz' Reply was both accurate and candid, as befits a knowledgeable appointed counsel aware of his responsibilities both to his client and to the court. Based on his review of both the Answer *and* the entire state court record in Mumin's case, attorney Korenkiewicz has

2

stated--and this Court also finds, based on its own review and analysis of the Answer and its exhibits--that all but one of Mumin's claims are procedurally defaulted (see O'Sullivan v. Boerckel, 526 U.S. 838 (1999), adhered to in White v. Godinez, 192 F.3d 607 (7th Cir. 1999)(per curiam)).[2]

As attorney Korenkiewicz has also perceptively reflected (Reply at 2), Mumin might conceivably advance one claim (the asserted invalidity of his sentence enhancement by reason of his prior felony convictions) as arguably coming within the scope of Apprendi v. New Jersey, 530 U.S. 466 (2000). But any such claim would be doomed to failure in this federal court, given the definitive refusal by our Court of Appeals to apply Apprendi retroactively on collateral review in the absence of a directive from the United States Supreme Court (Talbott v. Indiana, 226 F.3d 866, 868 (7th Cir. 2000)).

If Mumin wishes to travel that route at the present time, he would have to try it in the state court system (which has sent mixed signals as to its possible retroactive application of

---

[2] Attorney Korenkiewicz has included a footnote (Reply at 2 n.1) that refers to Mumin's statement to him asserting that Mumin had timely filed a petition for leave to appeal to the Illinois Supreme Court from the Illinois Appellate Court's affirmance of the denial of his post-conviction petition, followed by a Supreme Court order denying such leave to appeal. There is however no record of such a filing or of such an order, and this Court knows of no way in which Mumin can seek to contradict the state court records. Accordingly O'Sullivan does apply to render Mumin's claims procedurally defaulted.

3

Apprendi). But the present action cannot rest on such speculation. Hence, because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), this Court determines that no evidentiary hearing is required (Rule 8 of the same Rules), and both the Petition and this action are dismissed.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 26, 2001

---

[3] Because a future decision by the United States Supreme Court that the constitutional rule announced in Apprendi should be applied retroactively would potentially trigger the commencement of a new time clock under Section 2244(d)(1)(C), this dismissal is without prejudice to any possible future submission of an Apprendi-linked issue (see Hernandez v. United States, 226 F.3d 839, 841 (7th Cir. 2000)).

4